UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:17-CR-00212-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ELDRED DAMONE LEE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release, (Doc. No. 23). The Government has filed a response in opposition to the motion. (Doc. No. 27). While this motion was pending, the Bureau of Prisons ("BOP") transferred Defendant from Butner Federal Correctional Institution-Low in North Carolina to USP Atlanta in Georgia. (See https://www.bop.gov/inmateloc/ (visited 7/11/2023). For the reasons that follow, the motion is DENIED.

Defendant relies on 18 U.S.C. § 3582(c)(1)(A) to seek a reduction in his sentence to time served. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam).

Here, Defendant contends he should be released from custody because of his multiple health conditions, arguing that these conditions justify release so that he can "get proper treatment." (Doc. No. 23, p. 5). His general representations regarding his medical conditions, as well as his post-sentencing conduct and rehabilitation while incarcerated, are unsupported by any documentation. Moreover, Defendant's transfer out of Butner Federal Correctional Institution-Low may have mooted his concerns about the treatment he was receiving for his medical conditions. The Court recognizes the serious nature of Defendant's asserted medical conditions; however, he has made no argument to this Court that remaining in BOP custody at his current place of confinement poses a greater risk to him than would otherwise exist if he were released to the community.[1]

Under the current record, Defendant has not articulated "extraordinary and compelling reasons" to justify a reduction in his imposed term of imprisonment. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)). Without sufficient argument or evidence to support his motion, the Court declines to exercise its discretion to reduce Defendant's term of imprisonment. This ruling is WITHOUT PREJUDICE to Defendant's ability to file a new Motion for Compassionate Release that is supported by appropriate argument and evidence to allow the Court to consider the relief requested.

---

[1] See e.g., United States v. Kibble, 992 F.3d 326, 333–34 (4th Cir. 2021) (Gregory, C.J., concurring) (noting specific conditions, when considered collectively, could satisfy a defendant's burden: "Here, Mr. Kibble identified three circumstances that, collectively, qualified as extraordinary and compelling: (1) the uncontrolled spread of COVID-19 at FCI Elkton, (2) his tricuspid atresia, and (3) his non-alcohol related cirrhosis of the liver. . . . At the time of Mr. Kibble's motion, nearly 25% of Elkton's population had contracted COVID-19; nine inmates had died as a result. The ACLU of Ohio and the Ohio Justice & Policy Center had named FCI Elkton as a defendant in a class action suit challenging the facility's conditions of confinement during the pandemic. And, at the time of Mr. Kibble's motion, Elkton was subject to a preliminary injunction aimed at correcting the facility's mismanagement. This combination of factors rightly gave rise to the extraordinary and compelling circumstances animating this case." (citations omitted)). In contrast, Defendant here has failed to provide a specific combination of factors arising out of the conditions at his current residential reentry center to support a finding of extraordinary and compelling reasons.

This means the Court's ruling does not preclude a subsequent motion that asserts similar and/or different extraordinary and compelling reasons, including any that might be related to Defendant's new facility. For this reason, the Court declines at this juncture to consider the applicable factors set forth in 18 U.S.C. § 3553(a). <u>See</u> 18 U.S.C. § 3582(c)(1)(A). Also, should Defendant choose to file a new motion for compassionate release, the Court hereby DIRECTS the Government to file a response to the new motion in accordance with the Local Rules so that a prompt ruling can be made. The Government may incorporate any arguments already asserted to the Court in its response to the current motion in any new response filed.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. No. 23) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Signed: July 11, 2023

Frank D. Whitney
United States District Judge